# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONNA CARTER BRISTOL                          CIVIL ACTION

VERSUS                                      NO. 15-694-SDD-EWD

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONNA CARTER BRISTOL                                        CIVIL ACTION

VERSUS                                                      NO. 15-694-SDD-EWD

DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.   *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986)   Plaintiff was offered the alternative of filing an amended complaint in compliance with the Order Setting Spears Hearing or alternatively Order to File Amended Complaint (R. Doc. 3). Plaintiff did not file an amended complaint, but appeared for the *Spears* hearing on November 20, 2015.

Pro se plaintiff, Donna Carter Bristol, originally filed her Complaint on a form intended specifically for claims asserting a violation of federal constitutional or statutory rights.[1]   The Complaint names as defendants, in the caption, the Louisiana Department of Public Safety and Corrections/LA State Police.   The body of the Complaint names as additional defendants Judge

---

[1] Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)(R. Doc. 2) was granted by this court on October 20, 2015 (R. Doc. 4).

Todd Hernandez, State Police Troop A, the Louisiana Department of Transportation, the Gonzales Police Department and Ascension Parish.    The Complaint makes vague allegations of evidence tampering, a tainted jury, an "insufficient" attorney, and an unfair trial.    Additionally, Plaintiff asserted that her "son['s] [section] 1983 rights was [sic] violated."

At the *Spears* hearing, Plaintiff provided additional information and answered questions from the court regarding her state court case and the incident that forms the basis of her Complaint. Plaintiff advised that her son, Sylvester Bristol, Jr., was killed in a car accident in March 2004 while being pursued by a Louisiana State trooper.    The court was advised that a wrongful death suit had been filed timely with state court and the case ultimately went to trial in September 2015; however, Plaintiff felt her counsel in the state court action should have alleged a 42 U.S.C. § 1983 action because she felt her son's rights were violated by use of excessive force. The jury in the state court trial returned a verdict in favor of defendants.    Plaintiff clarified that the additional defendants alleged in her Complaint are Judge Todd Hernandez, State Police Troop A, the Louisiana Department of Transportation, the Gonzales Police Department and Ascension Parish. Upon questioning, the plaintiff indicated that the basis of her Complaint is that she believes mistakes were made by the presiding judge (Judge Todd Hernandez) in the state court trial and that evidence, including dash cam video, was either lost or stolen. Plaintiff notified the court that she has attempted to file an appeal with the First Circuit Court of Appeals regarding the state court decision.

### Applicable Law and Analysis

Pursuant to the provisions of 28 U.S.C. § 1915(e), this court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir.1986).

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir.1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Cf., Green v. McKaskle, supra*.

Here, Plaintiff is essentially seeking an appeal from a state court judgment and also asserting claims against the state trial court judge for the manner in which the trial was conducted. Neither claim is cognizable here.

First, with regard to Plaintiff's attempt to seek review of a state court decision in this court, federal district courts "possess no power whatever to sit in direct review of state court decisions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 296, 90 S. Ct. 1739, 1748, 26 L. Ed. 2d 234 (1970). Thus, to the extent Plaintiff's Complaint seeks a determination regarding the fairness or appropriateness of the state court verdict, this court has no power to conduct that review. This claim should, therefore, be dismissed as it has no basis in law.

There is also no cause of action against Judge Todd Hernandez in this court for the manner in which he conducted the state court trial. Judicial immunity is a question of law to be determined upon the facts of each case. This immunity extends to claims arising from acts performed in a defendant's judicial role. *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982); *see also, Kemp ex rel. v. Kemp*, 324 Fed.Appx. 409, 411 (5th Cir. 2009). This immunity shields a judge unless he or she acts in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Brewer v. Blackwell, supra*, 692 F.2d at 396. *See also Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir.1983). Moreover, this

immunity applies however erroneous the judicial action may be or however evil the motive. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.1989) (citations omitted).

Applying this test here, it is clear that the alleged acts of Judge Hernandez in presiding over the plaintiff's state court trial were within the scope of his judicial authority and were undertaken in his judicial capacity. Therefore, defendant Hernandez is shielded from the plaintiff's claims by absolute judicial immunity those claims Plaintiff seeks to assert against him must also be dismissed.

## RECOMMENDATION

It is recommended that this matter be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Signed in Baton Rouge, Louisiana, on March 29, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**